IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY M. ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-00314 |
| | ) | |
| KEVIN COOLEY, JAMES McNAMARA, | ) | Judge Sharp |
| BERNARD McEOVY, and RYAN C. CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Terry Odom, a state inmate incarcerated in the Davidson County Sheriff's Department – Criminal Justice Center in Nashville, Tennessee, has filed a *pro se* complaint (ECF No. 1) purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. His complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I.    FACTUAL ALLEGATIONS

The plaintiff names as defendants Detective Kevin Cooley of the Metro Nashville Police Department, attorney James McNamara, former assistant district attorney Bernard McEovy [sic], and post-conviction attorney Ryan C. Caldwell.

The plaintiff alleges that he was arrested on June 10, 2003 by Detective Cooley, and that Cooley "duped, coerced, and pressured" the plaintiff into falsely confessing to a crime he did not commit. (ECF No. 1, at 1.) The plaintiff claims that he was at that time taking numerous medications, including Haldol, Depakote, Risperdal, Cogentin, Tegretol, Elavil, and Wellbutrin, to treat his schizophrenia, bipolar disorder, post-traumatic stress disorder, manic-psychosis, depression, and hallucinations. The plaintiff asserts that Cooley took advantage of the plaintiff's psychiatric condition to "trick" him into "confess[ing] to a lie." (*Id.*)

On March 25, 2004, plaintiff's defense counsel, James McNamara, and assistant district attorney McEovy "deceptively threatened [the plaintiff] to confess." (*Id.*) Because the plaintiff was in a "mental fog," he "lied on [him]self" and as a result pleaded guilty and served a prison term of eight years.

The plaintiff did not pursue a direct appeal of his sentence or conviction, but he filed a post-

conviction petition in the state court, through attorney Ryan Caldwell. The post-conviction court denied relief. This Court takes judicial notice that the Tennessee Court of Criminal Appeals affirmed that decision on October 12, 2006. *Odom v. State*, No. M2005-02564-CCA-R3-PC, 2006 WL 2956512 (Tenn. Ct. Crim. App. Oct. 12, 2006). The plaintiff asserts that his post-conviction petition was denied "because attorney failed again." (ECF No. 1, at 5.)

The Court takes also takes judicial notice that the plaintiff attempted to file a habeas petition in this Court in December 2006, but he failed to sign or date the petition, and failed to properly complete the application to proceed as a pauper that was submitted with the petition. Per Court order, the documents were returned to the plaintiff to be completed properly and resubmitted. *Odom v. Bell*, No. 3:06-mc-139 (M.D. Tenn. Dec. 18, 2006) (ECF No. 1, order directing resubmission of petition and application) (Trauger, J.). The plaintiff did not resubmit his signed and dated petition until nine months later, on September 24, 2007, and he omitted to resubmit his application to proceed as a pauper. Judge Trauger directed the Clerk to forward a blank application to proceed *in forma pauperis* to the plaintiff, and again directed the plaintiff to complete and return the application within 30 days. *Id.* (M.D. Tenn. Oct. 9, 2007) (ECF No. 4, order). The plaintiff never did so, and his habeas petition was dismissed on November 28, 2007 for failure to prosecute. *Odom v. Bell*, No. 3:07-cv-1164 (M.D. Tenn. Nov. 27, 2007) (ECF No. 6, order of dismissal).

In the present action, the plaintiff seeks to have his underlying criminal conviction "expunge[d]" and vacated. He also seeks compensatory damages from the defendants for deliberate indifference, malicious intent, false conviction, "bias[] against [plaintiff's] mentally illness" [sic], false arrest, violation of due process, neglect, and violation of the defendants' "constitutional oath." *Odom v. Cooley*, Case No. 3:13-cv-00314 (Complaint, ECF No. 1, at 5).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same

grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.    LEGAL ANALYSIS**

The present complaint is subject to dismissal on a number of grounds, including that it is barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, even if *Heck* did not apply, the claims are barred by the applicable statute of limitations.

**A.    *Heck v. Humphrey***

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the plaintiff was a state prisoner serving time for manslaughter. He brought a § 1983 action for damages, alleging that he had been unlawfully investigated, arrested, tried, and convicted. Although the complaint in *Heck* sought monetary damages only, and not release from confinement, the Supreme Court held that the plaintiff could not proceed under § 1983, because any award in his favor would "necessarily imply" the invalidity of his conviction. *Id.* at 487. Thus, the rule of *Heck* is that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," § 1983 is not an available remedy. *Id.* However, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of [his conviction or sentence], the [§ 1983] action should be allowed to proceed." *Id.*

In the present case, the plaintiff asserts that he was wrongfully coerced into confessing to a crime he did not commit, and that he was not mentally competent to confess in the first place. In addition to damages, he seeks to have his conviction vacated and "expunged." (ECF No. 1, at 5.) Irrespective of the

fact that the Tennessee Court of Criminal Appeals has already determined as a factual matter that the plaintiff was not mentally unsound and that his plea was knowing and voluntary, insofar as the plaintiff's claims clearly implicate the validity of his conviction, he is barred by the holding in *Heck* from bringing this action under § 1983. On this basis alone, the complaint is subject to dismissal for failure to state a claim for which relief may be granted under § 1983.

**B.    Statute of Limitations**

Even if the complaint were arguably not barred by *Heck*, it is barred by the statute of limitations. Although § 1983 does not contain a statute of limitations, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). This provision requires that actions brought under federal civil rights statutes be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725–26 (6th Cir. 1980). In cases under § 1983, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In this case, the plaintiff had reason to know of his injuries at the time he entered his allegedly coerced guilty plea, in 2003. Moreover, he clearly *was* aware of them no later than March 10, 2005, when he filed his state post-conviction petition, in which he also asserted that he was mentally incompetent, that he was taking numerous psychotropic medications, and that he was not competent to enter a guilty plea in March 2004. Accordingly, the claims in this complaint accrued, at the very latest, in March 2005.

The claims in this complaint, filed in 2013, are clearly barred by the one-year statute of limitations.

**IV.      CONCLUSION**

For the reasons set forth herein, the Court finds that the all the claims in the complaint are subject to dismissal on the basis that they are barred by *Heck v. Humphrey* and by the applicable one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(a)(3).   The complaint as a whole will therefore be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge